Cause Nos. 863886; 866458; 866459   79,927-02,03,

Samuel Prophet Davis
        Movant

        VS.

The State of Texas

MOTION DENIED
DATE: 5-11-15
BY: PC

※   Trial Nos. 79,927-02. 79,922-03
                79,927-04

※   In The Court of Criminal Appeals

※

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 17 2015
Abel Acosta, Clerk

<u>Motion of Rebbutal</u>

To The Honorable Judges of said court:

Comes now Samuel Prophet Davis, Applicant in the above cause writ numbers styled and file this motion of Rebbutal.

In support of this motion Applicant will show the following.

## I.

On 4-7-15 Applicant recieved a notice of an affidavit filed by his original attorney on 3-17-15. The affidavit was filed in the 263rd District court of Texas Harris County. All of the Applicants previous paper work has been filed in the 179th District court of Harris County Texas.

## II.

Applicant contends that no order of transfer was executed on behalf of said courts above. According to law the Judicial District Act of 1969 provides for the transfer of cases and exchange of benches between the district courts of various counties. See.. Section 24.303 of the V.T.C.A. Government Code. There are seperate district courts. identified by seperate numbers, such having its own Judge and geographical "Jurisdiction". In a number of areas, the geographical jurisdiction of two (2) or more district courts is over lapping in some counties. Even as specified

by the the 6th Amendments to the United States Constitution the accused is entitled to trial within the district the crime was alleged to have been committed, which district shall have been previously ascertain by law. A formal order is needed to affect the transfer of cases between two (2) district courts in counties with two or more district courts, however, no such order is needed for exchange of benches. See, Norton V. State, 918 S.W. 2d 25 (Tex. App. 14th dist 1996). Unless the power or authority of a court to perform a contemplated act can be read in the Constitution of this State, or the laws enacted there under, that courts is with out subject matter jurisdiction. See, Galtiz V. State, 617 S.W. 2d 949 (Tex. Cr. App. 1981). In the instant case the offense was alleged to have occured within 179th Judicial District of Harris County, Texas. The Affidavit was conducted in the 263rd district court and absent is a transfer order which should be voided.

<u>Prayer</u>

Applicant prays that this motion be granted and said Affidavit be voided.

With loyalty towards the dignity of this court.

Respectfully submitted

Samuel Saub
_____
Signature of Applicant.

Date: 4·15·15

Certificate of Service

I Samuel Prophet Davis. #1023478. hereby certify that this
motion of Rebbutal was mailed by U.S.P.S. to:
Chris Damel. on 4.15.15

Executed on 4.15.15